## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF DELAWARE

**WALKER DIGITAL, LLC**

                   **Plaintiff,**

     **v.**

**CRITERION CAPITAL PARTNERS, LLC**

                   **Defendant.**

**Civil Action No. _____**

**JURY TRIAL DEMANDED**

## COMPLAINT FOR PATENT INFRINGEMENT

Plaintiff Walker Digital, LLC, ("Walker Digital") files this complaint for patent infringement against defendant Criterion Capital Partners, LLC:

## THE PARTIES

1.      Walker Digital is a Delaware limited liability company with its principal place of business located at 2 High Ridge Park, Stamford, CT 06905. Walker Digital is a world-renowned research and development laboratory responsible for launching several successful businesses, including Priceline.com and Synapse, Inc.

2.      On information and belief, Criterion Capital Partners, LLC ("Criterion") is a Delaware limited liability company with its principal place of business at 11684 Ventura Blvd., Suite 595, Studio City, California 91604.

## JURISDICTION AND VENUE

3.      This action arises under the patent laws of the United States, Title 35 of the United States Code. This Court has subject matter jurisdiction under 28 U.S.C. §§ 1331 and 1338(a).

4.      On information and belief, Criterion is subject to this Court's jurisdiction because Criterion has transacted business in this district, including, more specifically, directly and/or through intermediaries, making, using, importing, offering for sale and/or selling products and services in the State of Delaware (including via the provision of such goods and services over the Internet).  Criterion, upon information and belief, is doing substantial business in this District, and has committed acts of patent infringement in this District.  In addition, Criterion is a limited liability company organized and existing under the laws of the State of Delaware.

5.      Venue is proper in this district under 28 U.S.C. §§ 1391(b) and (c), and 1400(b).

### THE ASSERTED PATENTS

6.      On March 16, 1999, the United States Patent and Trademark Office ("USPTO") duly and legally issued U.S. Patent No. 5,884,270 (the "'270 patent"), entitled "Method and System For Facilitating An Employment Search Incorporating User-Controlled Anonymous Communications," to Jay S. Walker, Bruce Schneier and Scott Case, who ultimately assigned their rights and interests in the '270 patent to Walker Digital.  A true and correct copy of the '270 patent is attached as Exhibit A.

7.      On March 16, 1999, the USPTO duly and legally issued U.S. Patent No. 5,884,272 (the "'272 patent"), entitled "Method And System For Establishing And Maintaining User-Controlled Anonymous Communications," to Jay S. Walker, Bruce Schneier and Scott Case, who ultimately assigned their rights and interests in the '272 patent to Walker Digital.  A true and correct copy of the '272 patent is attached as Exhibit B.

8.      Walker Digital is the owner of the '270 and '272 patents (collectively, the "Asserted Patents").

## FACTUAL BACKGROUND

9.     Walker Digital is a research and development laboratory that has invested many millions of dollars in its intellectual property.  Walker Digital is comprised of a diverse group of inventors who solve business problems by analyzing human behavior and designing innovative solutions incorporating modern information technologies.  The novel inventions developed by the Walker Digital team are reflected in a portfolio of more than 200 U.S. and international patents in a wide range of industries that includes retail, vending, credit cards, security, gaming, educational testing, and entertainment.

10.     Jay S. Walker, the chairman of Walker Digital, is a named inventor of more than 450 issued and pending U.S. and international patents, including each of the Asserted Patents. Mr. Walker is best known as the founder of Priceline.com, which revolutionized the travel industry through unprecedented technology, with the end result of bringing huge savings in airfare, hotel and car rental rates, and other travel related goods and services to every-day consumers.  The systems at the heart of Priceline.com's success were developed in the research and development laboratory of Walker Digital.

11.     Development of the inventions conceived by Mr. Walker and the Walker Digital team of inventors would not have been possible without substantial financial investments made by Walker Digital.  Funds invested by Walker Digital have been used for many things, including the construction of laboratory facilities utilized to develop and test new inventions.  Many of the inventions developed at the Walker Digital laboratories have led to successful businesses, including Priceline.com and Synapse, Inc.  Revolutionary technologies, including the systems and methods for generating a single-use financial account number for facilitating financial account transactions, as described and claimed in the Asserted Patents, were a direct result of investments made by Walker Digital.

- 3 -

12.     The Asserted Patents represent breakthroughs in the field of user-controlled anonymous communications.

## COUNT I

### (Infringement of the '270 Patent)

13.     Walker Digital incorporates and realleges the allegations of paragraphs 1-12 as are fully set forth above.

14.     Upon information and belief, Criterion is infringing (literally and/or under the doctrine of equivalents) the '270 patent in this District and throughout the United States by, among other things, making, using, importing, offering for sale and/or selling products and services, including at least its social networking product available at www.bebo.com, which practice one or more of the claims of the '270 patent.  For instance, upon information and belief, Criterion's social networking product receives data about its users along with associated rule regarding how that data is released to others.  A user can set rules (*e.g.*, privacy settings) to release all or portions of the data to certain other users of Criterion's product.  The user's data is only released if the rules are satisfied.  The product also allows users to search using search criterion for other users.

15.     Criterion committed these acts of infringement without license or authorization.

16.     As a result of Criterion's infringement of the '270 patent, Walker Digital has suffered monetary damages in an amount not yet determined, and will continue to suffer damages in the future unless Criterion's infringing activities are enjoined by this Court.

17.     Walker Digital has suffered and will continue to suffer severe and irreparable harm unless this Court issues a permanent injunction prohibiting Criterion, its agents, servants, employees, representatives, and all others acting in active concert therewith from infringing the '270 patent.

## COUNT II

### (Infringement of the '272 Patent)

18.     Walker Digital incorporates and realleges the allegations of paragraphs 1-17 as are fully set forth above.

19.     Upon information and belief, Criterion is infringing (literally and/or under the doctrine of equivalents) the '272 patent in this District and throughout the United States by, among other things, making, using, importing, offering for sale and/or selling products and services, including at least its social networking product available at www.bebo.com, which practice one or more of the claims of the '272 patent.  For instance, upon information and belief, Criterion's social networking product receives and stores data about its users along with associated rule regarding how that data is released to others.  A user can set rules (*e.g.*, privacy settings) to release all or portions of the data to certain other users of Criterion's product.  A first user's data is only released if, based on the second user's data, the first user's rule has been satisfied (*e.g.*, the first and second users are friends).  The product also allows users to search using search criterion for other users.

20.     Criterion committed these acts of infringement without license or authorization.

21.     As a result of Criterion's infringement of the '272 patent, Walker Digital has suffered monetary damages in an amount not yet determined, and will continue to suffer damages in the future unless Criterion's infringing activities are enjoined by this Court.

22.     Walker Digital has suffered and will continue to suffer severe and irreparable harm unless this Court issues a permanent injunction prohibiting Criterion, its agents, servants, employees, representatives, and all others acting in active concert therewith from infringing the '272 patent.

## DEMAND FOR JURY TRIAL

Plaintiff Walker Digital, under Rule 38 of the Federal Rules of Civil Procedure, requests a trial by jury of any issues so triable by right.

## PRAYER FOR RELIEF

For the above reasons, Walker Digital respectfully requests that this Court grant the following relief in favor of Walker Digital and against Criterion:

(a)     A judgment in favor of Walker Digital that Criterion has directly infringed one or more claims of each of the Asserted Patents;

(b)     A permanent injunction enjoining Criterion and its officers, directors, agents, servants, affiliates, employees, divisions, branches, subsidiaries, parents, and all others acting in active concert or participation with them, from infringing, inducing the infringement of, or contributing to the infringement of each of the Asserted Patents;

(c)     A judgment and order requiring Criterion to pay Walker Digital its damages, costs, expenses, and pre-judgment and post-judgment interest for Criterion's infringement of each of the Asserted Patents;

(d)     A judgment and order requiring Criterion to provide an accounting and to pay supplemental damages to Walker Digital, including, without limitation, pre-judgment interest;

(e)     A judgment and order finding that this is an exceptional case within the meaning of 35 U.S.C. § 285 and awarding Walker Digital its reasonable attorneys' fees; and

(f)     Any and all such other relief as the Court deems just and proper.

April 15, 2011                                          BAYARD, P.A.

Of Counsel:                                             /s/ *Richard D. Kirk*
                                                        Richard D. Kirk (rk0922)
    Marc A. Fenster                                     Stephen B. Brauerman (sb4952)
    California Bar No. 181067                            222 Delaware Avenue, Suite 900
    RUSS, AUGUST & KABAT                                 P.O. Box 25130
    12424 Wilshire Boulevard 12th Floor                  Wilmington, DE  19899
    Los Angeles, California 90025                        rkirk@bayardlaw.com
    (310) 826-7474                                       sbrauerman@bayardlaw.com
    mfenster@raklaw.com                                  (302) 655-5000

                                                      Attorneys for Plaintiff Walker Digital, LLC